## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**PAULA RAMBO,**

    *Plaintiff,*

    v.

**EXPERIAN INFORMATION SOLUTIONS, INC.,** *and* **SETTLEMENTONE DATA, LLC,**

    *Defendants.*

Case Number: 8:24-cv-417

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Paula Rambo ("**Ms. Rambo**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendants, Experian Information Solutions, Inc. ("**Experian**") and SettlementOne Data, LLC, doing business as Credit Technology ("**SettlementOne**") (jointly, "**Defendants**"), stating as follows:

## PRELIMINARY STATEMENT

1. This is an action brought by Ms. Rambo against the Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

## JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3.     The Defendants are subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat. and Fed. R. Civ. P. 4(k).

4.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because the acts complained of were committed and / or caused by the Defendants within Pinellas County, which is in the Middle District of Florida.

## PARTIES

5.     Ms. Rambo is a natural person residing in Palm Harbor, Florida and is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

6.     Experian is an Ohio corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

7.     Experian is registered to conduct business as a foreign corporation in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 32301.

8.     Experian is a nationwide Consumer Reporting Agency ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

9.     SettlementOne is a Delaware limited liability company with a principal address of 480 Town Center Drive N. #443, Mooresville, IN 46158.

10.     SettlementOne is a CRA within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages, in whole or in part, in the practice of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties and uses means of interstate commerce, including the postal mail and internet, for the purpose of preparing and furnishing these consumer reports.

11.     SettlementOne is a "Reseller" per 15 U.S.C. § 1681a(u) in that it assembles and merges information contained in the database of other CRAs, including Experian, Equifax and Trans Union, for purposes of furnishing such information to any third party and it does not maintain a database of the assembled or merged information from which new consumer reports are produced.

## FACTUAL ALLEGATIONS

### Duplicate Tradelines

12.     Around May 2022, Ms. Rambo opened a Visa® credit card account with First National Bank in South Dakota.

13.     The account had a $300 credit limit.

14.     First National Bank reported the payment and spending history of the account to Experian.

15.     Around January 2023, First National Bank charged the account to profit and loss.

16.     Beginning February 2023, the First National Bank account appeared as two separate tradelines in Ms. Rambo's Experian credit file.

17.     Ms. Rambo did not open two Visa® credit cards with First National Bank in May 2022, both of which were charged off with the exact same balance.

18.     The two tradelines had the exact same account number, ECOA code, date opened, balance, and account status.

19.     However, due to ongoing, systemic flaws in Experian's automated systems, Experian failed to identify the information furnished to it as duplicate.

20.     Around November 14, 2023, Ms. Rambo applied for a mortgage to finance the purchase of a house for herself and her daughter.

21.     As part of the application process, Ms. Rambo's lender obtained a tri-merge credit report from SettlementOne, regarding Ms. Rambo.

22.     SettlementOne, upon receipt of the inquiry, obtained credit reports regarding Ms. Rambo from each of Equifax, Trans Union and Experian, and then merged the information into one composite report.

23.     The tri-merge report showed two different First National Bank tradelines, both of which contained identical 16-digit account numbers, balance owed, and current payment status. **SEE PLAINTIFF'S EXHIBIT A.**

24.     The tri-merge revealed that only Experian, and not Trans Union or Equifax, was reporting a duplicate, "second" account with the same 16-digit account number and balance. ***Id.***

25.     Thus, the report Experian sold to SettlementOne, and the report SettlementOne sold to Ms. Rambo's lender, both falsely claimed there was an aggregate $548 of debt owed to "FIRST NATIONAL BANK/FISE" ("**First National**"), although even in a light most favorable to the Defendants, the amount did not exceed $274.

26.     As aforementioned, Ms. Rambo did not obtain *two* credit cards from First National.

27.     The Defendants are well-aware, or should be aware, that Visa® credit cards each have unique account numbers and it is not physically possible to have two different accounts which somehow share an account number.

28.     Experian is well aware of the flaws in its software which *frequently* fail to catch and remove duplicate tradelines from appearing on consumer's credit reports; it has been sued over this very issue multiple times in the past.

29.     SettlementOne, as a CRA, must also maintain reasonable procedures to assure the maximum possible accuracy of consumer reports.

30.     SettlementOne accepted the data from Experian which included obviously duplicate account information and included it in the tri-merge report sold on Ms. Rambo without alteration or without "flagging" the information as inaccurate.

31.     The Defendants' inclusion of the duplicate tradelines caused significant harm to Ms. Rambo's credit scores, as the number of charged-off accounts on a consumer's report adversely affects the consumer's scores.

32.     Likewise, the amount of debt in collection adversely affects the consumer's debt-to-income ratios.

33.     Due at least in part to the Defendants' inclusion of the duplicate tradelines, Ms. Rambo's mortgage application was denied.

34.     Records from Experian indicate that it has sold over 40 additional consumer reports to Ms. Rambo's creditors and potential creditors since February 2023, which reports were in conjunction with an application for credit submitted by Ms. Rambo or the review of her reports in connection with an existing account already opened.

35.     On information and belief, each report sold by Experian included both Tradelines.

36.     Experian thus failed to use reasonable procedures when preparing the credit reports sold to each lender.

37.     The duplicate tradelines included in Experian's reports caused unjust harm to Ms. Rambo's credit scores and negatively affected her ability to obtain credit.

38.     The Defendants' false reporting has also caused Ms. Rambo to suffer embarrassment, damage to reputation, and emotional distress from being denied credit and having to dispute the false accounts on her credit report.

39.     Ms. Rambo has hired the undersigned law firm to represent her in this matter and has assigned the firm her right to fees and costs.

## COUNT I
## EXPERIAN'S WILLFUL VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681e(b)

40.     Ms. Rambo adopts and incorporates paragraphs 1 - 39 as if fully stated herein.

41.     Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Ms. Rambo when Experian sold reports which contained a duplicate tradeline regarding a credit card issued by First National, with a charged-off balance.

42.     Experian has been sued before for identical conduct and is thus aware that its procedures for ensuring accuracy of reports are flawed.

43.     Experian's conduct was thus willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

44.     Accordingly, Experian is liable, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Rambo's actual damages or statutory damages of $1000 per violation, plus punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Rambo respectfully requests this Honorable Court enter judgment against Experian for:

a.      The greater of Ms. Rambo's actual damages and statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.    Such other relief that this Court deems just and proper.

## COUNT II
## EXPERIAN'S NEGLIGENT VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681e(b)

45.    Ms. Rambo adopts and incorporates paragraphs 1 - 39 as if fully stated herein.

46.    Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Ms. Rambo when Experian sold reports which contained a duplicate tradeline regarding a credit card issued by First National, with a charged-off balance.

47.    Experian owed Ms. Rambo a legal duty to utilize reasonable procedures to assure the maximum possible accuracy of consumer reports sold regarding Ms. Rambo.

48.    Experian breached this duty when it sold consumer reports which contained a duplicate tradeline regarding a credit card issued by First National, with a charged-off balance.

49.    Experian thus acted negligently, and accordingly, Experian is liable, pursuant to 15 U.S.C. § 1681o, for Ms. Rambo's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Rambo respectfully requests this Honorable Court enter judgment against Experian for:

a.  Ms. Rambo's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.  Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.  Such other relief that this Court deems just and proper.

## COUNT III
## SETTLEMENTONE'S WILLFUL VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681e(b)

50.  Ms. Rambo adopts and incorporates paragraphs 1 - 39 as if fully stated herein.

51.  SettlementOne violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of at least one consumer report sold regarding Ms. Rambo as the report(s) contained a duplicate tradeline regarding a credit card issued by First National, with a charged-off balance.

52.  SettlementOne is aware that its procedures for blindly incorporating data from the "Big 3" fail to ensure the accuracy of its tri-merge reports.

53.  SettlementOne's conduct was thus willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

54.     Accordingly, SettlementOne is liable, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Rambo's actual damages or statutory damages of $1000 per violation, plus punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Rambo respectfully requests this Honorable Court enter judgment against SettlementOne for:

a.      The greater of Ms. Rambo's actual damages and statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.      Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.      Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.      Such other relief that this Court deems just and proper.

## COUNT IV
## SETTLEMENTONE'S NEGLIGENT VIOLATIONS OF THE FCRA
## 15 U.S.C. § 1681e(b)

55.     Ms. Rambo adopts and incorporates paragraphs 1 - 39 as if fully stated herein.

56.     SettlementOne violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of at least one consumer report sold regarding Ms. Rambo as the report(s) contained a duplicate tradeline regarding a credit card issued by First National, with a charged-off balance.

57.     SettlementOne owed Ms. Rambo a legal duty to utilize reasonable procedures to assure the maximum possible accuracy of consumer reports sold regarding Ms. Rambo.

58.     SettlementOne breached this duty when it sold a consumer report which contained a duplicate tradeline regarding a credit card issued by First National, with a charged-off balance.

59.     SettlementOne thus acted negligently, and accordingly, SettlementOne is liable, pursuant to 15 U.S.C. § 1681o, for Ms. Rambo's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Rambo respectfully requests this Honorable Court enter judgment against SettlementOne for:

a.     Ms. Rambo's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.     Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.     Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Ms. Rambo hereby demands a trial by jury on all issues so triable.

Respectfully submitted on **February 14, 2024**, by:

**SERAPH LEGAL, P. A.**

*/s/ Fethullah Gulen*
Fethullah Gulen, Esq.
Florida Bar No.: 1045392
FGulen@seraphlegal.com
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
*Attorneys for Plaintiff*

**EXHIBIT LIST**

A        Tri-merge credit report obtained November 14, 2023 – Excerpt